NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BROTHERS MARKET LLC NO. 1, a
California limited liability company; BRAD
BROWN, an Individual,

    Plaintiffs - Appellants,

 v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 24-6373

D.C. No.
2:23-cv-06435-WLH-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Wesley L. Hsu, District Judge, Presiding

Argued and Submitted October 7, 2025
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Brad Brown and his store, Brothers Market LLC No. 1 ("the Market"),

appeal the district court's decision granting summary judgment for the government

in their challenge to the United States Department of Agriculture's ("the Agency")

decision to permanently disqualify the Market from the Supplemental Nutrition

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Assistance Program ("SNAP"). We have jurisdiction under 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *Cohen v. Apple Inc.*, 46 F.4th 1012, 1025 (9th Cir. 2022). We consider the facts in the light most favorable to Plaintiffs, the nonmoving parties. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

1.      The district court did not err in granting summary judgment because Plaintiffs failed to show a genuine dispute of material fact as to whether they engaged in SNAP trafficking. *See Kim v. United States*, 121 F.3d 1269, 1272 (9th Cir. 1997). The record shows that the Market conducted 1,204 unusually large transactions and 142 sets of rapid transactions made by the same household, both of which support an inference of SNAP trafficking.[1] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Plaintiffs failed to rebut the government's evidence because their proffered evidence address only a small fraction of the flagged transactions, *see Anderson*, 477 U.S. at 252 (requiring more than a "scintilla of evidence" to defeat summary judgment), and Brown's general explanations for the

---

[1] Plaintiffs argue that the district court erred in inferring SNAP trafficking from the transaction data without expert testimony interpreting the data. *See* Fed. R. Evid. 702. We disagree. In determining whether the government met its initial burden at summary judgment, a court, like a factfinder, may draw its own reasonable inferences from the government's evidence. *Kim*, 121 F.3d at 1272. And a court does not need expert testimony to draw reasonable inferences. *See id.* at 1274–75. The district court therefore did not err in inferring trafficking from the transaction data.

Market's suspicious transactions are insufficiently detailed to rebut the patterns of transactions identified by the Agency, *see FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

Because Plaintiffs "failed to make a sufficient showing on an essential element" of their case, the government was entitled to summary judgment. *See Celotex*, 477 U.S. at 323.

2.   Plaintiffs' due process argument—that the Agency violated their due process rights by failing to provide them with proper notice of the specific conduct that constituted SNAP trafficking—is forfeited. Plaintiffs did not assert a due process claim in their complaint nor did they develop the argument before the district court beyond a few sentences in their summary judgment brief. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014).

3.   The district court did not err in holding a joint hearing on the government's motions for summary judgment in this case and in *Brothers Market LLC No. 2 v. United States*, No. 24-6374. The Federal Rules of Civil Procedure afford district courts broad discretion to hold joint hearings on "any or all matters at issue" in cases involving common questions of law and fact. Fed. R. Civ. P. 42(a). Plaintiffs have not shown that the district court's decision to hold a joint

hearing was an abuse of discretion. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (reviewing a district court's "decision on consolidation under an abuse of discretion standard").

**AFFIRMED.**